1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD BURCHETT,

               Plaintiff,

      v.

MASON COUNTY JAIL,

               Defendant.

Case No.  C07-5718FDB-KLS

ORDER TO SHOW CAUSE

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  This matter comes before the Court on plaintiff's filing of an application to proceed *in forma pauperis* and a civil rights complaint under 42 U.S.C. § 1983.  To file a complaint and initiate legal proceedings plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*.

On December 28, 2007, the Clerk received plaintiff's complaint and application to proceed *in forma pauperis*. (Dkt. #1).  On January 4, 2008, the Clerk sent plaintiff a letter informing him that his application was deficient in that he had included the incorrect acknowledgment and authorization form and had failed to provide a copy of his prison trust account statement showing the balance and activity in his account for the past six months. (Dkt. #2).  On January 16, 2008, plaintiff corrected the first

deficiency by filing the correct acknowledgment and authorization form, but not the second one.

Pursuant to 28 U.S.C. § 1915(a)(2):

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff thus is required to submit a statement showing the balance and activity of his account for the six-month period immediately preceding the filing of his complaint. As noted above by the Clerk, plaintiff did not do so, nor has he done so as of the date of this order.

Accordingly, the Court orders the following:

(1)   Plaintiff shall seek to cure the above remaining deficiency by filing **no later than March 28, 2008**, a copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) showing the balance and activity of his account(s) for the six-month period immediately preceding the filing of his complaint.

**Failure to cure this deficiency by the above date shall be deemed a failure to properly prosecute this matter and the Court will recommend dismissal of this matter.**

(2)   The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendant.

DATED this 27th day of February, 2008.

Karen L. Strombom
United States Magistrate Judge