1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD BURCHETT,

              Plaintiff,

  v.

MASON COUNTY JAIL,

              Defendant.

Case No.  C07-5718FDB-KLS

ORDER TO SHOW CAUSE

      This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon the Court's review of the complaint.  After reviewing the complaint and the balance of the record, the Court finds and orders as follows:

      A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)); see also Wong v. Bell, 642 F.2d 359, 361 (9th Cir. 1981) (court may act on its own initiative to note inadequacy of complaint and dismiss it for failure to state claim upon which relief may be granted); Omar v. Sea-Land Service, Inc., 813 F.2d 986,

ORDER
Page - 1

991 (9th Cir. 1987) (court may *sua sponte* invoke Fed. R. Civ. P. 12(b)(6) to dismiss deficient complaint).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

Plaintiff alleges in his complaint that he was sexually assaulted at the Mason County Jail on November 29, 2007. He alleges that the next day, after informing "the jail officers" of the assault, he was transported to Mason County Hospital. (Dkt. #1-2, p. 3). Plaintiff further alleges that Mason County Hospital's emergency room physician referred him to St. Peter's Hospital in Shelton, Washington for treatment. Plaintiff claims that "the officers" said that "they" would take him there, but then never did. Id. According to plaintiff, Mason County Hospital then "called and asked why and the nurse at the jail said they" did not "have the staff." Id. Plaintiff claims to have suffered both physical and mental problems as a result of the above incident and failure to treat him, and requests compensatory damages.

Plaintiff, however, has failed to allege that any specific individual jailer or other official caused or personally participated in causing the harm alleged, naming only the Mason County Jail as a defendant in this case. Although a local government agency or agency thereof can be held liable under section 1983, to do so plaintiff must show: (a) he was deprived of a constitutional right; (b) the local government agency has a policy; (c) the policy amounts to deliberate indifference to his constitutional rights; and (d) the policy is the moving force behind the constitutional violation. Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir.1992). In addition, the local governmental agency may be held liable under the above standards, if

plaintiff identifies a governmental "custom," as opposed to an actual "policy," as causing the alleged injury. Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 403 (1997).  Plaintiff, however, has not done so here.

Due to the deficiencies described above, the Court will not serve the complaint.[1] Plaintiff shall file an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed by **no later than April 26, 2008**.  The amended complaint must carry the same case number as this one.  If an amended complaint is not timely filed or if plaintiff fails to adequately address these issues, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992).  Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original complaint.

The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to plaintiff.

DATED this 27th day of March, 2008.

Karen L. Strombom
United States Magistrate Judge

---

[1] The Court notes that a waiver of service has been filed in this case (Dkt. #5), as well as a special notice of appearance by counsel for defendant (Dkt. #4).  It is not clear, however, whether proper service actually has been made in this case. See id.

ORDER
Page - 3